## Richmond

### Ruth C. Laird, et al.

### v.

### City of Danville, et al.

April 29, 1983.

Record No. 801913.

Present: Carrico, C.J., Cochran, Poff, Compton, Stephenson, and Russell, JJ., and Harrison, Retired Justice.

*Robert L. Morrison, Jr. (Warren, Parker, Williams and Stilwell*, on brief), for appellants.

*Charles H. Majors; W. Ewell Barr, City Attorney (Glenn W. Pulley; James A. L. Daniel; Louis P. McFadden, Jr.; Meade, Tate & Daniel, P.C.*, on briefs), for appellees.

CARRICO, C.J., delivered the opinion of the Court.

At the time of the proceedings below, ch. XV, § 2 of the city charter of Danville authorized the city council to delegate to the planning commission the power to approve requests for rezoning. Section 19-27 of the city code actually accomplished the delegation; § 19-28 prescribed the procedures for disposition of zoning applications by the planning commission; and § 19-29 provided for an appeal to city council and for reversal of a planning commission decision if council found the decision to be arbitrary or an abuse of discretion. The principal question in this case concerns the validity of these charter and code provisions.[1]

On December 1, 1978, Harry D. Ireson and Iris M. Ireson filed an application with the planning commission for the rezoning from R-1 residential to C-2 commercial of certain property located in the northwest quadrant of the intersection of Riverside Drive, or U.S. Route 58, and Park Avenue in the City of Danville. The property, or a portion thereof, was under contract of sale to Grover Adkins and Glen Wood, who planned to use the land for an automobile dealership. A competing dealership was located in the northeast quadrant of the intersection, and another commercial use was located in the southeast quadrant.

At a meeting held February 21, 1979, the planning commission denied the rezoning request. The Iresons appealed to city council. On March 13, council rezoned a portion of the property, designated as Lots 1B and 1C, to C-2 commercial. On March 28, Ruth C. Laird, Bruce C. Dungan, William E. Evans, Victor W. White, and David C. Brooks (collectively, Laird), owners of property in Windsor Heights subdivision located to the north of the property

---

[1] Chapter XV, § 2 of the city charter and §§ 19-27, -28, and -29 of the city code are reproduced in an appendix at the end of this opinion. We are informed on brief that these charter and code provisions "have since [the time of the trial below] been repealed or amended by the State Legislature and the City Council."

in question, filed a petition for declaratory judgment seeking an adjudication that council's action in rezoning Lots 1B and 1C was illegal and void.

On June 6, the trial court held that council's rezoning action was "invalid and of no effect" because council had not made a finding that "the Planning Commission acted arbitrarily or abused its discretion in making its decision." The court remanded the matter to council "for its consideration . . . of the appeal from the Planning Commission in accordance with applicable standards." The court retained jurisdiction of the case in the event further relief became necessary.

On June 7, city council adopted an ordinance stating that council had reviewed the planning commission's refusal to rezone and had found the decision to be "arbitrary and an abuse of discretion." The ordinance rezoned Lots 1B and 1C to C-2 commercial. Laird immediately filed a "Petition for Relief," requesting the court to void this rezoning action by council.

In the meantime, on March 16, 1979, Lewis E. Ireson, Louise M. Ireson, and Pearle E. Cox filed an application with the planning commission for the rezoning to C-2 commercial of Lot 35A, which fronted on Riverside Drive and adjoined Lot 1B on the east. Lot 35A was also under contract of sale to Adkins and Wood, who intended to use it in their car dealership. On June 21, the planning commission denied this rezoning request, and the denial was appealed to city council. On September 11, council adopted an ordinance stating that the planning commission's refusal to rezone Lot 35A was arbitrary and an abuse of discretion. The ordinance rezoned the lot to C-2 commercial.

On September 12, Laird filed another petition for declaratory judgment, this time seeking an adjudication that city council's rezoning of Lot 35A was illegal and void. This new proceeding and Laird's pending "Petition for Relief" in the case involving Lots 1B and 1C were heard by the court on June 10, 1980.

At the conclusion of the hearing, the trial court announced its findings, which were incorporated into final decrees entered August 27, 1980. The decree relating specifically to Lots 1B and 1C stated that ch. XV, § 2 of the city charter and §§ 19-27, -28, and -29 of the city code were invalid because they produced an unlawful delegation of legislative power in authorizing the planning commission to rezone property. The decree stated further that city council's June 7, 1979 rezoning of Lots 1B and 1C was void and

invalid because it was accomplished "in accordance with the provisions of the aforesaid Charter and Code sections and not in conformance with the requirements of law otherwise applicable." The decree went on to say, however, that subsequent to the June 10 hearing, the planning commission and city council had reconsidered the zoning of Lots 1B and 1C "in accordance with the requirements of the applicable provisions of the Code of Virginia" and that on July 17, 1980, upon the planning commission's recommendation, council had adopted an ordinance rezoning Lot 1B to C-2 commercial.[2] The decree ended with the language, "this matter is accordingly dismissed."

The decree relating to Lot 35A reiterated the trial court's findings that ch. XV, § 2 of the city charter and §§ 19-27, -28, and -29 of the city code were void and invalid. This decree stated further, however, that "Lot 35-A was properly rezoned by the Council of the City of Danville at its regular meeting on September 11, 1979," and that "said lot . . . is and shall be zoned C-2 Commercial."

Laird has not questioned in this appeal the trial court's finding in the August 27, 1980 decree that Lot 1B had been rezoned to C-2 commercial "in accordance with the requirements of the applicable provisions of the Code of Virginia." This finding and, hence, the rezoning of Lot 1B, have become final and not subject to further review.

Accordingly, we consider only the rezoning of Lot 35A. With respect to this lot, Laird argues that the provisions of the city charter authorizing city council to delegate to the planning commission the power to rezone are entitled to a presumption of legislative validity. The key factor in giving effect to this presumption, Laird submits, is that the grant of authority was from the General Assembly and not city council; therefore, the grant must be measured against the General Assembly's authority to delegate power. The Constitution of Virginia imposes no limitation upon this authority, Laird maintains, but appears, instead, to authorize the delegation involved here by providing in art. III, § 1 for the creation of administrative agencies "with such authority and duties as the General Assembly may prescribe."

---

[2] The planning commission recommended the denial of rezoning for Lot 1C, and city council concurred. No question is raised in this appeal concerning Lot 1C.

Continuing, Laird argues that the delegation of legislative authority to an administrative agency is proper if accompanied by a statement of policies, purposes, and principles to guide and control the agency in the performance of its duties. Here, Laird states, sufficient guidelines are found in Title 15.1 of the Virginia Code and in the city's comprehensive plan, charter, and code. Council has actually performed the legislative act of zoning the entire city, Laird asserts, and, with the guidelines established for the planning commission, "[t]here is no discernible reason why the partial rezoning of a few lots is so purely legislative as to be exercisable only by a purely legislative body."

We disagree. Laird's arguments are interesting, but for the most part they are irrelevant or esoteric. We believe the case turns on the simple proposition that the rezoning of property, no less than the establishment of its original zoning classification, is wholly legislative, requiring action in the form of an amendatory ordinance adopted by the one "purely legislative body" that exists in the locality involved.

Under Va. Code § 15.1-486, the zoning of property is accomplished when the "governing body" of a county or municipality "by ordinance" classifies the territory within its jurisdiction. Similarly, under Code § 15.1-491(g), the rezoning of property is accomplished when the "governing body . . . by ordinance" amends the property's zoning classification. In each instance, the term "governing body" identifies the board of supervisors in a county, or the municipal council in a city or town, as the entity which alone has the authority to legislate "by ordinance" in a particular locality.

It might be argued that these statutory requirements are nullified when the provisions of Danville's city charter interact with Va. Code § 15.1-501. This Code section, a part of ch. 11 of Title 15.1, states in part that "[n]o provision in any municipal charter in conflict with this chapter shall be affected hereby." Va. Code §§ 15.1-486 and -491(g) are in the same chapter as § 15.1-501. Hence, because the city charter permits rezoning by the planning commission, which obviously cannot enact ordinances, it might be argued that in Danville property may be rezoned other than by ordinance.

It would appear, however, that this argument is refuted by another charter provision. Chapter II, § 11 of the charter (Acts 1952, ch. 578) states in part that "every act of the council . . .

placing any burden upon or limiting the use of private property shall be by ordinance." Rezoning unquestionably places burdens upon or limits the use of private property; therefore, if ch. II, § 11 controls, rezoning even in Danville must be accomplished by ordinance adopted by city council.

We believe ch. II, § 11 does control; this charter provision recognizes what in our view is an overriding requirement of zoning law in Virginia: only the governing body of a locality may zone or rezone property and then only by ordinance. Thus, with the invalid ch. XV, § 2 excised, ch. II, § 11 actually brings the city charter into harmony, rather than conflict, with ch. 11 of Title 15.1 of the Virginia Code.

For these reasons, we agree with the trial court that ch. XV, § 2 of the city charter and §§ 19-27, -28, and -29 of the city code produced an unlawful delegation of legislative power in authorizing the planning commission to rezone property.[3] This brings us to Laird's remaining contention, *viz.,* that the trial court erred in "not finding the rezoning of Lot 35A to be improper."

Laird's argument on this point presents the question whether the evidence before the trial court was sufficient to make the issue of the zoning of Lot 35A fairly debatable. The appellees maintain that the sufficiency question is not properly before this court; they say the case "was not tried [below] as a 'zoning' case, but dealt only with constitutional and procedural issues."

While we question whether the sufficiency issue is indeed properly before this court, we will observe that we have examined the entire record and are satisfied the evidence before the trial court was sufficient to make the issue of the zoning of Lot 35A fairly debatable. Hence, city council's action in rezoning the lot must stand. *Fairfax County v. Jackson,* 221 Va. 328, 335, 269 S.E.2d 381, 386 (1980).

We will affirm the decrees of the trial court.

*Affirmed.*

---

[3] The case of *Dickerson v. Commonwealth,* 181 Va. 313, 24 S.E.2d 550 (1943), *aff'd sub nom. Carter v. Virginia,* 321 U.S. 131 (1944), cited by Laird, is inapposite. The decision stands for the principle that the General Assembly may delegate to an administrative board the power to make rules and regulations to carry out the purposes and provisions of a legislative enactment. This is a far cry from saying that an administrative board may be empowered to make the legislative enactment itself, which is tantamount to what Laird would have us say in the present case.

APPENDIX

Chapter XV, § 2 of the city charter and §§ 19-27, -28, and -29 of the city code are reproduced below as they appear in Danville, Va. Code (Supp. 1974).

SEC. 2. ADOPTION AND AMENDMENT OF ZONING ORDINANCES, REGULATIONS AND RE-STRICTIONS; DELEGATING ADMINISTRA-TIVE AUTHORITY TO CITY PLANNING COMMISSION.*

After council [has] adopted by ordinance a comprehensive zoning plan, regulations and restrictions as provided in this chapter, council shall have the power by ordinance from time to time to amend and supplement (such plan),** regulations, and restrictions, after public hearing and adequate notice to all owners and parties affected, as required by section 15.1-493 of the Code of Virginia; provided, that no such amendment or supplement shall be adopted by less than seven affirmative votes, if a protest signed and acknowledged before a person authorized to administer oaths is filed with the city clerk by the owners of twenty per cent or more of the total area of the lots included in such proposed change or of the total area of the lots outside of the proposed change any point in which is within one hundred and fifty feet of the boundary of such area.

Council may, however, delegate to the city planning commission by ordinance authority to approve requests for rezonings and special permits within the boundaries of the comprehensive zoning plan and the regulations and restrictions duly adopted by council pursuant to this Charter, after a public hearing and adequate notice as hereinbefore set out; provided, that any person or persons jointly or severally aggrieved by any decision of the planning commission, or any taxpayer, or any officer, department, board or bureau of the city may, within ten days after the final decision of the commission, appeal such decision to city council by filing both with the commission and the city clerk a request in writing to that effect, setting out the reasons therefor. Within twenty-four hours

---

* This section was amended by General Assembly, effective March 7, 1974.

** EDITOR'S NOTE: The words in parenthesis have been added for the purposes of clarification.

of the receipt of such request for appeal by the commission, the secretary of the commission shall notify by mail all parties, including the applicant, who expressed an interest either in person or in writing in the proceeding before the commission, setting out the date, time and place for the appeal hearing. The city council may reverse or modify the decision of the commission, in whole or in part, if it finds upon review that the decision is arbitrary or constitutes an abuse of discretion, or it may affirm the decision of the commission. The council shall have the right to provide for the collection of fees to cover costs involved in the consideration of any regulation for amendment, supplement or repeal of any such regulation, restriction or determination of boundaries, to be paid to the city clerk by the applicant upon filing such request.

SEC. 19-27.   JURISDICTION OF COMMISSION OVER APPLICATIONS FOR REZONING AND SPECIAL PERMITS.

The city planning commission shall have the power to approve requests for rezonings and special permits within the boundaries of the comprehensive zoning plan, upon application filed with the secretary, after a public hearing and adequate notice to all owners and parties affected, as required by section 15.1-493 of the Code of Virginia. (4-9-74.)

SEC. 19-28.   APPLICATIONS AND FEES.

All parties desiring rezoning of property or a special permit for the use thereof shall file with the secretary of the commission an application stating the nature of the zoning change or special permit desired, which application shall be accompanied by a fee of thirty-five dollars. No such application shall be processed until the fee has been paid. The fee will not be refundable. The fee must be paid with each application notwithstanding the fact that a prior application on the same property has been disapproved. The fee shall not be charged for an application filed by or on behalf of the City of Danville or any of its agencies.

Upon an application being duly filed with the secretary of the commission, the secretary shall refer the application to the director of engineering and planning for study and recommendation and for advertisement and written notice as required by section

15.1-493 of the Code of Virginia. Property owners within the total area of the lots included in such proposed change or the total area of the lots outside of the proposed change any point in which is within one hundred fifty feet of the boundary of such area desiring to protest the change requested by or on behalf of the applicant may file with the secretary of the commission prior to the commission hearing a protest in writing signed and acknowledged before a person authorized to administer oaths. The secretary of the commission shall report to the commission the percentage of opposition represented by such protests. Failure to file a written protest shall not prohibit appearance before the commission. (4-9-74.)

SEC. 19-29.    APPEALS.

Any person or persons jointly or severally aggreived by any decision of the planning commission, or any taxpayer, or any officer, department, board or bureau of the city may, within ten days after the final decision of the commission, appeal such decision to city council by filing both with the secretary of the commission and the city clerk a request in writing for such appeal, setting out the reasons therefor. Within twenty-four hours of the receipt of such request for appeal, the secretary of the commission shall notify by mail all parties, including the applicant, who expressed an interest either in person or in writing in any proceedings before the commission on the application appealed from, setting out the date, time and place for the hearing on appeal before city council. The city council may reverse or modify the decision of the commission, in whole or in part, if it finds upon review that the decision is arbitrary or constitutes an abuse of discretion, or it may affirm the decision of the commission. (4-9-74.)