## COUNTY OF FAIRFAX, ET AL.

### V.

## FLEET INDUSTRIAL PARK LIMITED PARTNERSHIP, ET AL.

Record No. 901449

November 8, 1991

Present: Carrico, C.J., Compton, Stephenson, Whiting, and Keenan, JJ.,
and Poff, Senior Justice, and Harrison, Retired Justice

*John R. Walk (Everette G. Allen, Jr.; Robert T. Billingsley; Mahlon G. Funk, Jr.; David T. Stitt, County Attorney; Hirschler, Fleischer, Weinberg, Cox & Allen*, on briefs), for appellants.

*John S. Stump (Joseph W. Wright, III; William E. Donnelly, III; Edward J. Finnegan; W. Eric Pilsk; Jerry K. Emrich; Mc-Guire, Woods, Battle & Boothe; Hazel & Thomas; Shaw, Pittman, Potts & Trowbridge; Walsh, Colucci, Stackhouse, Emrich & Lubeley*, on brief), for appellees Henry A. Long Company, et al.

*(Richard E. Dixon; Donald G. Smith; James R. Hart; Dixon, Smith & Stahl*, on brief), for appellee The Retired Officers Association.

*Amicus Curiae:* The Fairfax County Federal of Citizens Associations, The League of Women Voters of the Fairfax Area, The Citizens Committee on Land Use and Transportation, Citizens for Balanced Growth, Homeowners Against Neighborhood Destruction, The Providence District Council, The Hunger Mill Defense League, The Annandale District Council, The Brookfield Citizens Association and The Chantilly Coalition for Planned Growth (Nancy S. Kettelle, on brief), for appellants.

JUSTICE KEENAN delivered the opinion of the Court.

The dispositive issue in this appeal is whether the 1990 amendment to the Primary Highway Transportation Improvement District in Multi-County Areas Act (Multi-County Act), Code §§ 15.1-1372.1 to .18, unlawfully delegates legislative power to individual landowners and a non-legislative body. The 1990 amendment requires the Fairfax County Board of Supervisors (County) to obtain the consent of all affected private landowners in the Route 28 Highway Transportation Improvement District (the District) before it can enact zoning reductions or restrictions which are not part of an overall revision to a comprehensive plan. It also requires the County to obtain the unanimous consent of the members of the Route 28 District Advisory Board before it can enact any changes to a comprehensive plan which would affect commercial or industrial properties in that District. We conclude that these provisions constitute an unlawful delegation of legislative power which renders the amendment invalid.

In 1987, the General Assembly enacted the Multi-County Act which authorizes boards of supervisors of counties that meet certain requirements to create a transportation service district containing land from more than one county. Additionally, the Multi-County Act provides that each transportation district be operated

by a commission composed of a certain number of members of the boards of supervisors of the counties comprising the district. This commission is served by an advisory board. Half of the members of the advisory board are appointed by the boards of supervisors and must either reside on or own land within the district. The other half are elected by the landowners in the district and must own land within the district which is zoned for commercial or industrial use. The county boards comprising the district, upon request of the commission, have the power to implement an annual special improvements tax on commercially and industrially zoned land within the district. The revenue from this tax is to be used by the commission for the benefit of the district.

Pursuant to this legislation, the District was created in December 1987 by the Boards of Supervisors of Fairfax and Loudoun Counties. At that time, there was no statutory limitation on the Fairfax and Loudoun Boards's authority to implement zoning changes in the District. It was only after the amendment to Code § 15.1-1372.3(C), Acts 1990, c. 855, that legislative acts of the Fairfax and Loudoun County Boards of Supervisors affecting land in the District required the consent of individual landowners or the advisory board.

On December 11, 1989, the Board of Supervisors of Fairfax County amended the County's Zoning Ordinance. This comprehensive text amendment contained provisions eliminating the use of office by right in certain commercial districts unless located within a shopping center. The amendment also deleted the use of office by right in all except one industrial district. As a result, office use in the affected districts was permitted by special exception only. The zoning ordinance amendment also reduced the maximum floor area ratio in certain commercial and industrial districts.

As modified by the amendment, Code § 15.1-1372.3(C) provides that:

[I]n the case of any district created under this section prior to July 1, 1989, all commercial and industrial zoning classifications, and all zoning ordinance text and regulations relating thereto regarding allowable uses, densities, setbacks, building heights, required parking, and open space in force in the district on July 1, 1989, shall be deemed to have been a part of the ordinance creating the district, and shall remain

in full force and effect without limitation, reduction, or restriction, except upon the written request or approval of the owner of any property affected by a change within the district for a period of fifteen years from the date the district was created, unless such elimination, reduction or restriction is a part of an overall revision to a county's comprehensive plan, and all relevant terms and conditions thereof affecting commercial and industrial properties within the district are approved unanimously in writing by all members of the district advisory board representing the properties in the district situate in that county prior to enactment by the board of supervisors.

The District was the only transportation district created under the Multi-County Act prior to July 1, 1989. Thus, the above provisions operated solely to place the affected land in the District under the zoning classifications and restrictions which existed immediately prior to the December 11, 1989 amendments to the Fairfax County Zoning Ordinance.

In a suit for declaratory judgment, the appellees requested that the trial court declare that pursuant to the amendment, the Zoning Ordinance text and regulations in effect on July 1, 1989 were to apply to their properties in the District as of July 1, 1990, the effective date of the amendment. The appellees further requested that the trial court declare that as a result of the amendment, the Zoning Ordinance Amendments of December 11, 1989 were without force and effect within the District. The appellees filed a motion for partial summary judgment on these grounds, which the trial court sustained. Its order was interlocutory in nature, and in all but seven of the two hundred and sixty-nine complaints brought, no final order was entered. Thus, the County brings this appeal challenging the trial court's orders under Code §§ 8.01-670(B)(1) & (3) (appeal allowed in chancery cases from interlocutory decree granting or denying injunction or adjudicating principles of cause) and Code § 8.01-670(A)(3) (appeal allowed after final judgment in civil cases).

In its decision, the trial court specifically found that no provision of the amendment unlawfully delegates legislative authority. The trial court also made several other conclusions of law, including one that the amendment was a valid special act within the exceptions provided in Article VII, § 2, of the Constitution of Vir-

ginia. Because we hold that the amendment is invalid since it unlawfully delegates legislative authority, we do not reach the trial court's remaining conclusions of law.

The County argues that the amendment unlawfully delegates legislative authority because it gives private landowners and the advisory board the power to decide whether certain land use legislation will be enacted. The County contends that this power to determine what legislative action may be taken is in itself legislative authority.

In response, the appellees argue that the amendment merely confers a vested or "grandfathered" status on the landowners. They also argue that the amendment has not unlawfully delegated legislative power because neither the landowners nor the advisory board have any power to zone or rezone land. Rather, the appellees assert that the landowners and district advisory board have only reactive authority in their power to withhold consent.

Initially, we disagree with the appellees' assertion that the amendment simply confers a vested or grandfathered status on the landowners. A determination of vested rights is based on the landowners' pursuit of development of their property in good faith. *See Fairfax County* v. *Cities Service*, 213 Va. 359, 362, 193 S.E.2d 1, 3 (1972) (landowner's action in obtaining site plan approval vests his right to develop his property in accordance with approved site plan); *Fairfax County* v. *Medical Structures*, 213 Va. 355, 358, 192 S.E.2d 799, 801 (1972)(special use permittee's action in filing site plan and pursuing its implementation with substantial expense incurred in good faith vests his right to land use described in permit). In contrast, the amendment purports to protect all landowners in the District, regardless of whether they have pursued the development of their property, or have simply held their land without taking any steps toward development. Therefore, we find that it cannot be termed a vested rights provision.

We also find that the amendment does not merely confer a grandfathered status on the Route 28 landowners. A legitimate grandfather provision operates prospectively only, and would protect the land from future zoning changes. *Paul Kimball Hosp.* v. *Brick Township Hosp.*, 86 N.J. 429, 440-41, 432 A.2d 36, 41-42 (1981). In contrast, the amendment operates retroactively to nullify the December 11, 1989 amendment to the Fairfax County Zoning Ordinance, and gives no power to the County to change this result unless all of the affected landowners or the advisory

board agree. Thus, the amendment does not have the characteristics of a grandfather clause, and goes well beyond such a clause in making any land use action of the Counties relating to the District subject to the consent of the affected landowners or the advisory board.

In order to determine here whether the amendment unlawfully delegates legislative authority, we must consider whether it delegates or has the effect of delegating any legislative authority to the private landowners and the advisory board. This Court has uniformly held that the power to exercise legislative authority may not be removed from the control of the local legislative representatives of the people. *See Mumpower* v. *Housing Authority*, 176 Va. 426, 454, 11 S.E.2d 732, 743 (1940); *See also Laird* v. *City of Danville*, 225 Va. 256, 261, 302 S.E.2d 21, 24 (1983); *Chapel* v. *Commonwealth*, 197 Va. 406, 413-14, 89 S.E.2d 337, 342 (1955). The zoning and rezoning of property is a wholly legislative function and can be exercised only by the board of supervisors in a county, or the municipal council in a city or town. *Laird*, 225 Va. at 261, 302 S.E.2d at 24.

In the case before us, the amendment effectively grants private landowners or the advisory board a veto power over any elimination, reduction, or restriction in zoning classification, as well as ordinance text and regulations, affecting property within the District. Thus, by its terms, the amendment allows private individuals and a non-legislative body to prevent the County from legislating on zoning matters within the District; they, not the County, are given the final authority to determine which changes are appropriate and necessary, and which are not.

In requiring the consent of private landowners or the advisory board as a condition precedent to the County being able to implement changes in the zoning ordinance, the amendment effectively delegates the legislative authority of the County to a non-legislative body and to private individuals. The Supreme Court, in *Eubank v. City.of Richmond*, 226 U.S. 137 (1912), invalidated an ordinance which delegated a power of a legislative body to private landowners. The ordinance in question in that case provided that whenever the owners of two-thirds of the properties abutting any street made a written request to the Committee on Streets, the Committee was required to establish a building line within given limits. In invalidating the ordinance as "an unreasonable exercise of the police power," *id*. at 144, the Court held that the City

could not delegate legislative authority to private landowners and give them total discretion as to whether a street line would be established.

We find that the same reasoning applies to the case before us. Under the amendment, the County is powerless to enact zoning reductions, restrictions, or regulations which are not part of an overall revision to its comprehensive plan, even if it reasonably determines that they are necessary for the public welfare, unless all of the affected private landowners in the District consent. Further, the amendment renders the County powerless to adopt changes to its comprehensive plan which affect properties in the District, unless those changes are authorized by all members of the district advisory board. These provisions impermissibly give private individuals and a non-legislative body total discretion as to whether a land use ordinance or regulation affecting them will be enacted. We find that this type of delegation of legislative authority falls squarely within the prohibition of *Eubank*.

We disagree with the appellee's assertion that *Thomas Cusack Co. v. City of Chicago*, 242 U.S. 526 (1917), rather than *Eubank*, controls the outcome of the issue presented. In *Cusack*, the Supreme Court upheld an ordinance which prohibited the construction of billboards in residential areas, but allowed residential property owners in the block where a billboard might be constructed to waive the ordinance prohibition. There, the Court distinguished *Eubank*, stating:

A sufficient distinction between the ordinance there considered and the one at bar is plain. The former left the establishment of the building line untouched until the lot owners should act . . . . The ordinance in the case at bar absolutely prohibits the erection of any billboards in the block designated, but permits this prohibition to be modified with the consent of the persons who are to be most affected by such modification.

*Cusack*, 242 U.S. at 531.

We find that the amendment operates like the ordinance in *Eubank*, rather than like the ordinance in *Cusack*. Like the ordinance in *Eubank*, the amendment gives the affected property owners or the advisory board the power to determine whether an ordinance or regulation will be enacted. The County is without power

to act unless the affected landowners or the advisory board members unanimously consent. This is unlike the situation in *Cusack*, where a prohibition was enacted for the *benefit* of adjoining landowners, and the landowners were merely given the right to decide whether they wished to exercise their right to that benefit. Further, in *Cusack*, the city council never lost its authority to legislate zoning and land use matters.

In contrast, the amendment subjects the County's authority to legislate on land use matters in the District to the effective veto of private landowners or the non-legislative district advisory board. Since this effective veto completely restricts the authority of the County to act in these matters, we find that the amendment unlawfully delegates legislative power to the advisory board and to those private individuals. *See Eubank*, 226 U.S. at 144; *Mumpower*, 176 Va. at 454, 11 S.E.2d at 743.

For these reasons, we hold that the amendment is invalid. Accordingly, we will reverse the judgment of the trial court and we will dismiss the bill for declaratory judgment.

*Reversed and dismissed.*