# Mana Krisnathevin

### v.

# Board of Zoning Appeals for Fairfax County

Record No. 910862

February 28, 1992

Present: All the Justices

*Peter A. Cerick* for appellant.

*Jan L. Brodie, Assistant County Attorney (David T. Stitt, County Attorney; Karen J. Harwood, Senior Assistant County Attorney*, on brief), for appellee.

JUSTICE STEPHENSON delivered the opinion of the Court.

The dispositive issue in this appeal is whether, as a landowner contends, a zoning modification required approval by a county board of supervisors, or, as a county contends, the modification could be made administratively.

Mana Krisnathevin is the owner of a parcel of land in Fairfax County known as Block 1-C, Section 58, Reston, located at 11501 Sunrise Valley Drive. He purchased the property in 1988.

In April 1990, the county's zoning administrator ruled that the subject parcel's zoning designation was for "community facilities" use, limiting the parcel to such uses as day care centers, schools, and churches. Krisnathevin claimed that the parcel was zoned for "convenience center" use, allowing broad commercial uses.

Krisnathevin appealed the zoning administrator's decision to the county's board of zoning appeals, and on August 8, 1990, following a hearing, the board of zoning appeals upheld the zoning administrator's decision. Krisnathevin, pursuant to Code § 15.1-497, filed a petition for certiorari in the trial court.

The case was submitted to the trial court on the record of the proceeding before the board of zoning appeals. Neither party offered additional evidence. By decree entered March 8, 1991, the trial court affirmed the decision of the board of zoning appeals. The court concluded that the board "has not applied erroneous principles of law, was not plainly wrong and properly applied the law as written at the time the subject property was designated for

community facility use in accordance with the Fairfax County Zoning Ordinance." This appeal ensued.

The facts germane to the dispositive issue in this appeal are undisputed and may be summarized briefly. On September 10, 1973, the county's board of supervisors approved Rezoning Application C-378, which rezoned the subject parcel and other properties to the Residential Planned Community (RPC) District in Reston. According to the zoning ordinance, the RPC District was designed "to permit a greater amount of flexibility to a developer of large communities by removing many of the restrictions of conventional zoning." The development plan approved by the board of supervisors in conjunction with the rezoning designated the use of the subject parcel as "convenience center" and designated the use of two adjoining parcels as "community facilities."

In 1977, Gulf Reston, Inc., then the owner of the subject parcel and the two adjoining parcels, requested that the approved uses of its properties be rearranged ("flip-flopped") by changing the use of the subject parcel from "convenience center" to "community facilities" and by changing the use of the other two parcels from "community facilities" to "convenience center." The county purportedly made the requested rearrangement of uses, not by action of its board of supervisors but administratively by staff personnel. The staff reasoned that the zoning ordinance permitted administrative approval of the rearrangement of uses because the rearrangement was viewed "as a minor modification to the development plan." This rearrangement was evidenced only by a subdivision plat recorded in the land records of the county. The zoning map was not amended.

█ Krisnathevin contends on appeal, as he did in the trial court and before the board of zoning appeals, that the rearrangement of the approved uses constituted rezoning and, therefore, that only the county's board of supervisors could approve the changes. The county, consistent with its position at all times, contends that the county's zoning ordinance permitted administrative approval of the rearrangement of uses. To support its position, the county relies upon § 30-2.2.2(B)(2) of the zoning ordinance, which provides, in pertinent part, as follows:

> [N]o significant modification shall be made in any development plan unless such revisions in the plan shall be submitted for approval to the Board of Supervisors with recommen-

dation by the Planning Commission in the same manner as the original application insofar as public hearings are concerned.

■ We do not think § 30-2.2.2(B)(2) authorized the administrative action in the present case. Manifestly, changing the subject parcel's previously approved use from one that allowed broad commercial use to one that permitted only such uses as day care centers, churches, and schools constituted a "significant modification."

■ We think the present case is controlled by our decision in *Laird* v. *City of Danville*, 225 Va. 256, 302 S.E.2d 21 (1983). In *Laird*, we held invalid city charter and city code provisions that delegated to the city planning commission the authority to rezone property. We said that "the rezoning of property, no less than the establishment of its original zoning classification, is wholly legislative, requiring action in the form of an amendatory ordinance adopted by the one 'purely legislative body' that exists in the locality involved." *Id.* at 261, 302 S.E.2d at 24. We relied upon Code § 15.1-486 (local governing body by ordinance establishes zoning classifications) and Code § 15.1-491(g) (local governing body by ordinance may amend or change zoning classification).

■ In the present case, the modifications constituted a change in the permitted use of Krisnathevin's property and, therefore, as in *Laird*, were required to be made by the county board of supervisors. Thus, the actions of the county's staff were null and void. Consequently, we hold that the subject property's approved use is for a "convenience center."*

Accordingly, we will reverse the trial court's judgment and remand the case for further proceedings consistent with this opinion.

*Reversed and remanded.*

---

* The decision we reach is dispositive of the appeal. Therefore, we do not address the other issues that have been presented.